

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00351-CV

_____

WENXIN "CINDY" XIA, INDIVIDUALLY AND DERIVATIVELY ON BEHALF
OF GARTH ROLLBROOK, LLC, Appellant

V.

RAYMOND FLOYD, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 20-7692-442

Before Womack, Wallach, and Walker, JJ.
Opinion by Justice Walker

## OPINION

Appellant Wenxin "Cindy" Xia, appearing individually and derivatively on behalf of Garth Rollbrook, LLC, appeals from the trial court's order dismissing her claims against appellee Raymond Floyd based on a contractual clause setting the appropriate jurisdiction for suit. Because we conclude that the contractual clause at issue was a forum-selection clause, not a venue-selection clause, and that it applied to Xia's claims, we affirm the trial court's order.

## I. BACKGROUND

### A. FORMATION

On October 14, 2016, Floyd filed a certificate of formation for Garth Rollbrook, LLC (GR) with the Texas Secretary of State. GR's listed "business address" was located in Denton County. On October 30, Floyd and Xia signed an operating agreement.[1] Each received a 50% ownership interest in GR. In the agreement, Floyd and Xia were referred to as "Members," which was defined as "any Person who executes a counterpart of this Agreement as a Member and any Person who subsequently is admitted as a Member of the Company." Floyd was also identified as the "Manager," who was contractually given the power to make "all decisions regarding the management of [GR's] business." GR's stated purpose in the

---

[1]Xia alleged that she met Floyd on "an online social media website" and their relationship "grew to a very personal, dating relationship." The formation of GR was allegedly part of Floyd's "five year plan" for himself and Xia, who apparently both lived in California.

agreement included "the acquisition, development, management, leasing, financing and sale of real property located in the City of Baytown, County of Harris, State of Texas." The agreement provided that GR's "principal place of business" was in Tustin, California, "or at any other place which the Manager(s) selects, including an office in Texas." Importantly for purposes of this case, the agreement included a "Jurisdiction and Venue/Equitable Remedies" clause:

> [GR] and each Member hereby expressly agrees that if, under any circumstances, any dispute or controversy arising out of or relating to or in any way connected with this Agreement shall, notwithstanding Article IX [i.e., the dispute-resolution article], be the subject of any court action at law or in equity, such action shall be filed exclusively in the courts of the State of California or of the United States of America located in the counties of . . . Orange or Los Angeles, as selected by the Member that is the plaintiff in the actions, or that initiates the proceeding or arbitration. Each Member agrees not to commence any action, suit or other proceeding arising from, relating to, or in connection with this Agreement except in such a court and each Member irrevocably and unconditionally consents and submits to the personal and exclusive jurisdiction of such courts for the purposes of litigating any such actions, and hereby grants jurisdiction to such courts . . . . Members will be entitled to recover all reasonable costs and expenses, including but not limited to all reasonable attorneys' fees, expert and consultants' fees, incurred in connection with the enforcement of this Section.

### B. XIA'S HARRIS COUNTY SUIT

By 2018, it appears Xia and Floyd's relationship was over. Xia alleged that she had discovered Floyd had been managing GR in a way that she believed benefitted only him to her and GR's detriment. On September 27, 2018, Xia filed suit against GR and Floyd in a Harris County state district court and argued that Floyd had breached his fiduciary duty to her, which rendered the operating agreement void and

3

justified the dissolution of GR. She pleaded that venue was proper in Harris County under Section 15.011, which provides mandatory venue in the county in which all or part of real property the subject of the suit is located. Tex. Civ. Prac. & Rem. Code Ann. § 15.011. Floyd and GR answered the Harris County suit and argued that Xia's claims were governed by the mandatory forum-selection clause in the operating agreement. There is no record evidence showing the disposition of this Harris County suit other than Floyd's later verification that as of October 2, 2020, the case was still pending; however, Floyd states in his appellate brief that the Harris County court granted Floyd and GR's "motion and ordered the parties to arbitration."

## C. THE INSTANT SUIT

On September 25, 2020, two years after she had filed the Harris County suit, Xia filed the instant suit in a Denton County state district court, raising individual and derivative claims against Floyd for fraud, breach of fiduciary duty, and theft. She further sought a temporary restraining order, a temporary injunction, and the appointment of a receiver to liquidate GR. Xia alleged venue was proper in Denton County because she was seeking to liquidate GR through a receivership, which may be filed in the district court where GR's principal place of business or registered office is located. *See* Tex. Bus. Orgs. Code Ann. § 11.402(b). She also characterized Section 11.402 as a mandatory-venue provision and argued that "a suit involving two or more claims must be brought in the mandatory venue"—Denton County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.004. Xia did not expressly mention the prior Harris

4

County suit in her petition.[2] The trial court issued a TRO on September 28 and granted Xia's motion for expedited discovery on September 30.

On October 1, Floyd filed a verified plea in abatement, pointing out the similar Harris County suit and raising that county's dominant jurisdiction. On October 2, Floyd filed a combined motion to dismiss Xia's suit for improper venue based on the agreement's forum-selection clause and a motion to compel arbitration based on a separate arbitration clause in the operating agreement. Floyd attached the certificate of formation and the operating agreement as exhibits to his motion to dismiss and to compel arbitration. Although Floyd entitled his dismissal motion "Motion to Dismiss for Improper Venue," the substance of his motion sought dismissal on the basis of the forum-selection clause: "Because this dispute between the parties arises out of, relates to, and/or is connected to the agreement between the parties, the forum-selection clause in their contract requires that this case be dismissed." *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding) (holding nature of motion determined by its substance, not by its title). The motion further quoted the operating agreement's "Jurisdiction and Venue" clause and referred to it solely as a forum-selection clause.

---

[2]Xia later argued to the trial court that she had raised the Harris County suit in her petition when she had alleged that an accounting had showed that Floyd had paid a law firm using GR funds "to defend him against individual claims . . . Xia brought against him in a separate action for injuries that [Floyd] committed against her individually."

5

That same day—October 2—Floyd filed a designation that he was moving GR's principal place of business from California to Harris County. Also on October 2, the trial court held a hearing on Floyd's motion to dismiss, motion to compel arbitration, and plea in abatement. The trial court orally granted the "Motion to Dismiss" and signed an order granting Floyd's "Motion to Dismiss for Improper Venue" and ordering Xia to personally pay "legal fees and costs" to Floyd. The trial court also signed an order dissolving the TRO.

Xia filed a motion for new trial, arguing that (1) her due-process rights had been violated because the trial court had heard and determined Floyd's motion to dismiss on the same day it had been filed; (2) Floyd's attorney-fees evidence was insufficient; (3) the fees should not have been assessed against Xia individually but against her prior counsel; (4) Floyd waived his venue challenge because he had requested other relief before raising venue; and (5) the October 2, 2020 principal-place-of-business designation cured any venue defects. She also twice requested findings of fact and conclusions of law. The trial court denied Xia's new-trial motion but did not enter findings and conclusions.

Xia does not complain on appeal that the trial court erred by failing to enter the requested findings and conclusions. And she does not raise her due-process, attorney-fees, or place-of-business-designation arguments on appeal as she did in her new-trial motion. Nor does Xia complain that the trial court erred by denying her motion for new trial.

6

## II. FORUM OR VENUE

In her fourth issue, Xia asserts as she did in her motion for new trial that the purported forum-selection clause is, instead, a venue-selection clause. Because Floyd failed to file a proper motion to transfer venue before he filed his plea to the jurisdiction, Xia argues that he waived the venue issue, rendering a venue dismissal an abuse of discretion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.063; Tex. R. Civ. P. 86(1).

Forum-selection clauses, which are presumptively valid and enforceable unless shown to be unreasonable, are enforced through a motion to dismiss. *See Ramsay v. Tex. Trading Co.*, 254 S.W.3d 620, 626 (Tex. App.—Texarkana 2008, pet. denied); *Liu v. Cici Enters., LP*, No. 14-05-00827-CV, 2007 WL 43816, at *2 (Tex. App.—Houston [14th Dist.] Jan. 9, 2007, no pet.) (mem. op.) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–10, 92 S. Ct. 1907, 1913 (1972), and *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 793 (Tex. 2005)). By contrast, a contractual venue-selection clause is enforced through a timely motion to transfer venue or the issue is waived. *See Liu*, 2007 WL 43816, at *2 (citing *Bristol-Myers Squibb Co. v. Goldston*, 957 S.W.2d 671, 674 (Tex. App.—Fort Worth 1997, pet. dism'd by agr.)). Accordingly, the proper characterization of the clause at issue determines whether Floyd appropriately and timely sought the requested relief. *See generally Carlile Bancshares, Inc. v. Armstrong*, Nos. 02-14-00014-CV, 02-14-00018-CV, 2014 WL 3891658, at *6 (Tex. App.—Fort

Worth Aug. 7, 2014, no pet.) (mem. op.) ("In some instances, the differences between the two clauses is key.").

A forum-selection clause contractually selects the adjudicative body in which jurisdiction is properly invoked, generally a nation or state; a venue-selection clause selects the geographic place of trial. *See Liu*, 2007 WL 43816, at *2. Again, the clause at issue here required that any dispute or controversy regarding the agreement be filed either in a California state court or in a California federal court located in Orange or Los Angeles County. The clause further consented to "personal and exclusive" jurisdiction for suit only in the specified California fora. Although there is a county attached to the selection of a California federal court, the clause set another state (California) or sovereign (the United States courts located in California's Orange or Los Angeles County) as the exclusive jurisdiction for any disputes regarding the agreement. We conclude that the clause is in fact a forum-selection clause (even though partially entitled as a venue clause in the agreement[3]) which was appropriately enforced through a motion to dismiss. *See, e.g.*, *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 113–14 (5th Cir. 1996) (considering clause stating "all litigation arising out of [the contract] shall be filed . . . in the California Superior Court of the County of Orange" to be forum-selection clause); *In re OSG Ship Mgmt., Inc.*, 514 S.W.3d 331,

---

[3]The agreement provided that any headings were for "convenience" and did not "define, limit, or describe the scope of this Agreement or the intent of the provisions hereof." Thus, the heading indicating that the forum-selection clause related to venue is not determinative of our inquiry.

8

337–38 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (holding clause designating jurisdiction in "federal court located in Hillsborough County, Florida," or in "a state court of competent jurisdiction located in Hillsborough County, Florida" was a forum-selection clause); *Collins v. Kappa Sigma Fraternity*, No. 2-09-305-CV, 2010 WL 1633416, at \*1 (Tex. App.—Fort Worth Apr. 22, 2010, pet. denied) (mem. op.) (treating clause requiring "legal proceedings . . . to be filed in Albemarle County, Virginia," as a forum-selection clause); *Clark v. Power Mktg. Direct, Inc.*, 192 S.W.3d 796, 797 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (identifying clause providing litigation "shall be filed in the Common Pleas Court of Franklin County, Ohio" as a forum-selection clause). We overrule issue four.

### III. PROPRIETY OF DISMISSAL

#### A. CONSIDERATION OF OPERATING AGREEMENT

In her first and second issues, Xia contends that because Floyd did not verify his motion to dismiss, attach the operating agreement to an affidavit, or introduce the agreement into evidence at the hearing, he did not meet his threshold burden to prove the existence of a valid forum-selection clause; thus, the trial court did not have the discretion to grant the motion. Xia is correct that we review the trial court's dismissal ruling for an abuse of discretion and that Floyd carried the initial burden to prove the existence of an agreement that included a forum-selection clause. *See Ball Up, LLC v. Strategic Partners Corp.*, Nos. 02-17-00197-CV, 02-17-00198-CV, 2018 WL 3673044, at \*5 (Tex. App.—Fort Worth Aug. 2, 2018, no pet.) (mem. op.); *Chandler Mgmt. Corp. v.*

9

*First Specialty Ins. Corp.*, 452 S.W.3d 887, 891 (Tex. App.—Dallas 2014, no pet.); *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 262 (Tex. App.—Austin 2010, pet. dism'd by agr.).

Floyd attached the agreement, reflecting that both he and Xia had signed it, to his combined motion to dismiss and to compel arbitration. Xia asserts, with no citation to authority, that the agreement was not properly before the trial court because it was merely attached to the motion to dismiss with no further verification. In her declaration, which she attached to her Denton County petition, Xia averred that she and Floyd had signed an operating agreement for GR on October 30, 2016. At the hearing on Floyd's motion to dismiss, Xia did not dispute that she had signed an operating agreement that contained both an arbitration and a forum-selection clause. Instead, Xia argued that the agreement had been "the product of fraud" because Xia could not speak English, which Xia recognized had been raised and fully argued in her Harris County suit.[4] And in granting the motion, the trial court recited that it had "consider[ed] the motion." Under these circumstances, we conclude that the contents of the operating agreement were appropriately before the trial court and, therefore, that Floyd met his initial burden to prove the existence of a forum-selection clause. *See Crum & Forster Specialty Ins. Co. v. Creekstone Builders, Inc.*, 489 S.W.3d 473, 481 (Tex. App.—Houston [1st Dist.] 2015) ("[T]he trial court may consider any

---

[4]Xia does not assert on appeal that the forum-selection clause is invalid based on fraud.

evidence properly before it, including evidence attached to the defendant's forum non conveniens motion."), *and judgment vacated by agr.*, 2016 WL 1355460, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2016, no pet.) (supp. mem. op.); *French v. Gilbert*, No. 01-07-00186-CV, 2008 WL 5003740, at *5 & n.14 (Tex. App.—Houston [1st Dist.] Nov. 26, 2008, no pet.) (mem. op.) (holding because trial court stated in order it had considered the motion to abate, trial court necessarily considered motion's attachments).

Further, Xia's failure to object at the hearing to Floyd's reliance on the terms of the agreement waives her appellate argument that the agreement was not properly before the trial court. *See* Tex. R. App. P. 33.1(a); *De Leon v. Harlingen Fam. Dentistry, Inc.*, No. 13-03-221-CV, 2004 WL 1746351, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 5, 2004, no pet.) (mem. op.) ("De Leon's counsel did not object to the agreement, either at the hearing or at any point thereafter. Therefore, we conclude that De Leon's failure to object to the stated agreement, as represented to the trial court, waived any right to complain of the agreement on appeal."). We overrule Xia's first two issues.

## B. APPLICABILITY OF FORUM-SELECTION CLAUSE TO DERIVATIVE CLAIMS

In her third issue, Xia contends that even if Floyd met his threshold burden, the agreement's provisions only applied to GR's members—Xia and Floyd—and not to GR; thus, Xia's derivative claims were not subject to the forum-selection clause and could not have been dismissed on that basis. In short, Xia argues that her derivative

claims were not within the scope of the forum-selection clause, rendering it inapplicable to those claims.

In the forum-selection clause, GR and the members agreed that "any dispute or controversy" arising out of, related to, or "in any way connected with" the agreement shall be filed in the selected California fora. In support of her argument that the forum-selection clause does not apply to her derivative claims, she points to the dispute-resolution clause that provides "any dispute or disagreement *solely between* or among any of [the members] arising out of, relating to, or in connection with this Agreement" would be subject to mediation and arbitration. [Emphasis added.] But the dispute-resolution clause is part of Article IX of the agreement, and the forum-selection clause expressly states that its provisions apply "notwithstanding Article IX." Thus, the dispute-resolution clause does not prevent application of the forum-selection clause to Xia's derivative claims.

Xia next argues that because only Xia and Floyd signed the agreement and no authorized representative of GR signed it, the forum-selection clause binds only Xia and Floyd individually, not GR. Generally, a forum-selection clause may be enforced only by and against a party to the agreement containing the clause. *See Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 431 (Tex. 2017).

Floyd and Xia admittedly signed the agreement:

> IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written [i.e., October 30, 2016].

12

GARTH ROLLBROOK, LLC,
a Texas limited liability company

RAYMOND FLOYD,
an individual
By: /s/ Raymond Floyd
    Raymond Floyd
    Manager

WENXIN XIA,
an individual
By: /s/ Winxin Xia
    Wenxin Xia
    Member

Clearly, Floyd and Xia signed both in their individual capacities and in their representative capacities. Thus, we disagree with Xia that the form of these signatures precludes application of the forum-selection clause to her derivative claims. *Cf. DK Jt. Venture 1 v. Weyand*, 649 F.3d 310, 315 (5th Cir. 2011) (holding agents who signed arbitration agreement only in their representative capacities were not individually bound); *Leshin v. Oliva*, No. 04-14-00657-CV, 2015 WL 4554333, at *6 (Tex. App.—San Antonio July 29, 2015, no pet.) (mem. op.) ("An agent in his individual capacity is a non-signatory when that agent signs an agreement with an arbitration provision [solely] in his representative capacity."); *Crowder v. Ann L. Crowder Est. Tr.*, No. 01-06-00606-CV, 2007 WL 2874818, at *2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2007, no pet.) (mem. op.) (holding signature over signature block in settlement agreement,

which included both individual capacity and capacity as trustee, connected signatory to released claims both individually and as trustee).

Xia further argues that the agreement does not bind GR and, thus, is inapplicable to her derivative claims. But the forum-selection clause expressly states that the members *and* GR agreed to the selected fora for any dispute or controversy arising out of, relating to, or in any way connected to the agreement. We reject this argument and overrule her third issue.

## IV. CONCLUSION

The clause at issue was a forum-selection clause that was properly enforced through a motion to dismiss. Although Floyd did not introduce the agreement into evidence at the hearing on his motion to dismiss, it was attached to his motion and Xia did not object to Floyd's failure to introduce the agreement at the hearing. Finally, the forum-selection clause applied to Xia's derivative claims based on the plain language of the agreement and the fact that Xia and Floyd signed the agreement in their individual and representative capacities. Accordingly, the trial court did not abuse its discretion by granting Floyd's motion to dismiss based on the forum-selection clause. We affirm the trial court's order. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: December 2, 2021

14