**STANLEY, HARRIS, RICE & ASSOCIATES et al., Appellants,**

v.

**Marvin LEWIS, Appellee.**

No. 16836.

Court of Civil Appeals of Texas.

Dallas.

Dec. 23, 1966.

Charles Ben Howell of Howell & Pantaze, Dallas, for appellants.

Marvin Lewis, Dallas, for appellee.

DIXON, Chief Justice.

This suit was filed pursuant to the permissive joinder provisions of Rule 40, Vernon's Texas Rules of Civil Procedure.

Stanley, Harris, Rice & Associates sued appellee Lewis on sworn account for services rendered in shorthand reporting for the sum of $222.32 plus $232.22 as attorney's fees.

Bobby Py Pinkston & Associates sued appellee Lewis for services rendered for the sum of $35.00 plus $35.00 as attorney's fees.

In their verified petition appellants pleaded that appellee had acknowledged the justness of their claims, had promised to pay, had asked for additional time and had been granted an extension of time to pay.

In his amended verified answer appellee pleaded that three of the four items making up the account were barred by limitations.

Appellants filed a motion for summary judgment for the full amount sued for including attorney's fees. Attached to the motion is the affidavit of appellants' attorney that a fair and reasonable fee for his services is the sum of $257.32.

At the hearing on appellants' motion the court rendered judgment for Stanley, Harris, Rice & Associates for $53.90 plus $25.-00 as attorney's fees, and that appellants take nothing on all their other claims.

Appellee did not file a brief on appeal.

We agree with appellants when they say that the court erred in holding that three of the four items were barred by limitations and in finding that $25.00 was a reasonable

attorney's fee. Himes v. American Home Fence Co., 379 S.W.2d 290 (Tex.Sup.Ct.).

In their verified petition appellants do not plead that the alleged extensions of time for payment were in writing pursuant to Art. 5539, Vernon's Ann.Civ.St., nor do they allege the dates of said alleged extensions, or the periods of time for which said extensions were granted.

The pleadings of appellants and appellee on the issue of limitations though verified, do not meet the requirements of Rule 166–A, T.R.C.P., as to the sufficiency of affidavits and they are not supported by proper affidavits or other evidence meeting the requirements of the rule. Such pleadings alone are not evidence of the truth of their allegations and will not support a summary judgment. Texas State Board of Registration for Professional Engineers v. Trimble, Tex.Civ.App., 366 S.W.2d 124 (no writ hist.); Television Broadcasters, Inc. v. Motion Pictures for Television, Inc., Tex. Civ.App., 368 S.W.2d 851 (no writ hist.); Alexander v. Houston Oil Field Material Co., Tex.Civ.App., 386 S.W.2d 540 (ref. n. r. e.); Wilson v. Mitchell, Tex.Civ.App., 299 S.W.2d 406 (no writ hist.).

In rendering judgment for only $25.00 the court doubtless took into consideration its implied finding that most of appellants' claims were barred by limitations. Thus the court undertook to make a fact finding that $25.00 was a reasonable fee under the circumstances. But there is no evidence by affidavit or otherwise that $25.00 is a reasonable fee.

The practical effect of the court's judgment was to reject and overrule appellants' motion for summary judgment and to render a judgment necessarily based on the court's implied findings on fact issues in regard to limitations and attorney's fees.

The judgment of the court is reversed and the cause remanded to the trial court for another trial.

Reversed and remanded.