the parties. The joint motion to remand is dismissed as moot.

■

## BENEFICIAL PERSONNEL SERVICES OF TEXAS, INC. and Business Staffing, Inc.

v.

## Ramon REY.

### No. 96–0853.

Supreme Court of Texas.

Jan. 23, 1997.

Appeal from 143rd District Court, Ward County; Bob Parks, Judge.

Prior report: Tex.App., 927 S.W.2d 157.

The joint application for writ of error is granted without reference to the merits and the judgment of the court of appeals is vacated without reference to the merits. The cause is remanded to the court of appeals in accordance with the settlement agreement of the parties. The joint motion to remand is dismissed as moot.

## George A. ROBINSON IV, individually, Charter National Bank, Houston, Henry J.N. Taub II, and Anthony J.A. Bryan, trustees, and George A. Robinson IV

v.

## Helen B. WILS, attorney ad litem.

### No. 97–0026.

Supreme Court of Texas.

Feb. 6, 1997.

Appeal from Probate Court, Harris County; Mike Wood, Judge.

Prior report: Tex.App., 934 S.W.2d 774.

The joint motion pursuant to settlement agreement is granted. The applications for writ of error are granted without reference to the merits and the judgment of the courts below are vacated without reference to the merits. The cause is remanded to the trial court for entry of judgment in accordance with the settlement agreement of the parties.

The motion for extension of time to file respondent's brief is overruled as moot.

■

## Robert Allen MOORE

v.

## STATE BAR OF TEXAS.

### No. 96–0802.

Supreme Court of Texas.

Feb. 13, 1997.

Prior report: Tex.App. 932 S.W.2d 132.

The joint agreed motion to grant application for writ of error and remand cause to trial court for entry of judgment in accordance with settlement agreement is granted. This Court's order of December 13, 1996, denying application for writ of error is with-

drawn and the application for writ of error, as supplemented, is granted without reference to the merits. The judgments of the courts below are vacated without reference to the merits; the cause is remanded to the trial court for entry of judgment in accordance with the settlement agreement of the parties. The motion to expedite is dismissed as moot.