**Jack Edward LOVE, Appellant,**

v.

**THE STATE BAR OF TEXAS, Appellee.**

No. 01–95–01340–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 17, 1998.

Rehearing Overruled Dec. 17, 1998.

Jack E. Love, Houston, for Appellant.

Linda A. Acevedo, Mary Klapperich, Houston, Austin, for Appellee.

Before Chief Justice SCHNEIDER and Justices WILSON and HEDGES.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

The Court considered the appellee's motion for rehearing en banc. A majority of the justices of the Court voted to deny the motion. However, the panel withdraws its prior opinion, and issue this opinion in its place.

This is an attorney disciplinary action that resulted in the disbarment of appellant, Jack Edward Love. The controlling issue in this case is whether the disciplinary action against Love was brought under article X of the former State Bar Rules or the current Texas Rules of Disciplinary Procedure. We hold that the State Bar Rules apply, and affirm the judgment of the trial court.

### Facts and Procedural History

On June 21, 1990, Love appeared as counsel for a criminal defendant in Harris County Criminal Court at Law No. 10. After arriving an hour late for a 9:00 a.m. hearing, Love attempted to obtain a trial setting, but was directed by the court to confer with the prosecution before attempting to set a trial date. While court was still in session, Love left the courtroom without resetting or other-wise disposing of his client's case and without conferring with the prosecution as instructed by trial judge. Love did not return for two hours.

The court concluded all other matters, and, along with Love's client, awaited his return. The court eventually reset the cause and directed Love's client to return the following day. After the trial judge retired to chambers, Love returned to the courtroom. The court coordinator explained to Love that the court had reset the cause for the next day. Love became angry and in the presence of court personnel, made antisemitic remarks regarding the trial judge.

On August 14, 1990, Love was found guilty of three counts of misdemeanor contempt. For each count, Love was assessed punishment of six months in jail and a fine of $500. Love filed a writ of habeas corpus to the Texas Court of Criminal Appeals. The Court, en banc, upheld the first two findings of contempt and set aside the third. Love then filed a writ of habeas corpus in federal district court. This writ was dismissed.

On July 29, 1994, the State Bar filed its first disciplinary petition against Love. The petition was based on the first two contempt findings and violations of Texas Disciplinary Rules of Professional Conduct 3.02, 3.04(c)(5), 8.04(a)(2) and (4). TEX DISCIPLINARY R. PROF'L CONDUCT 3.02, 3.04, 8.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit, G app. A (Vernon Supp.1997) (TEXAS STATE BAR R. art. X, § 9). Although Love was properly notified and had an answer on file, he did not appear at trial. Thus, the trial court entered a post-answer default judgment against Love, and, based on the evidence presented by the State Bar, disbarred Love. Love's motion for new trial was denied, and this appeal followed.

### The Applicable Rules of Professional Conduct

The disposition of the case ultimately hinges on which set of disciplinary rules applies to the disciplinary action against Love. To make that determination, we must determine what effect the Texas Rules of Disciplinary

Procedure,[1] which became effective on May 1, 1992, had on then pending disciplinary matters involving attorney conduct that occurred prior to May 1, 1992. Texas Rule of Disciplinary Procedure 1.04 provides in pertinent part:

> These rules apply prospectively to all attorney professional disciplinary and disability proceedings commenced on and after [May 1, 1992] ... [T]he State Bar Rules ... are repealed *except to the extent that they apply to then pending disciplinary matters.*

TEX.R. DISCIPLINARY P. 1.04 (emphasis added).

Love argues that the disciplinary rules in effect at the time of trial apply, absent the State Bar pleading and proving that the disciplinary investigation against him was pending prior to May 1, 1992. Love contends the language in rule 1.04 implementing the Rules of Disciplinary Procedure effectively engrafts additional pleading and proof requirements on the State Bar in disciplinary matters prosecuted under the former State Bar Rules. We disagree.

■ Promulgated rules have the same force and effect as statutes. *Missouri Pac. R.R. Co. v. Cross,* 501 S.W.2d 868, 872 (Tex. 1973). Consequently, rules should be interpreted in accordance with the rules of statutory construction. *Knight v. Intern. Harvester Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982). The primary goal of interpretation is to determine what the enacting body intended. *Id.* Here, our goal is to determine what the Texas Supreme Court intended by enacting Texas Rule of Disciplinary Procedure 1.04 and the resulting effect on disciplinary investigations commenced before May 1, 1992. We must interpret rule 1.04, and, in the process, harmonize and give effect to the entire set of disciplinary rules. *See Martin v. Sheppard,* 129 Tex. 110, 102 S.W.2d 1036, 1039 (Tex.1937).

■ A cardinal rule of statutory construction is that every word used must be presumed to have been used for a purpose.

*Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). It is also presumed that words excluded were left out for a purpose. *Id.* The language of rule 1.04 is absolutely silent regarding the existence of any additional pleading requirements on the State Bar to prosecute claims under the old State Bar Rules. Therefore, we must presume that the absence of such language was intentional. *See Martin,* 102 S.W.2d at 1039.

Moreover, Texas Rule of Disciplinary Procedure 1.03 requires us to broadly construe the new rules "to ensure the operation, effectiveness, integrity, and continuation of the professional disciplinary and disability system." TEX. R. DISCIPLINARY P. 1.03. If we were to accept Love's contention that the State Bar was required to plead and prove a pending disciplinary investigation, we would essentially be reading Texas Rule of Disciplinary Procedure 1.04 to do away with an entire class of disciplinary matters that were based on conduct that occurred prior to May 1, 1992, but that were not commenced until after the Texas Rules of Disciplinary Procedure became effective. We decline to accept Love's reading of rule 1.04. Such a construction would not only hamper the State Bar's efforts to control attorney conduct, but would engraft additional requirements on the State Bar not expressly imposed by the Texas Supreme Court. *See Sharp v. House of Lloyd, Inc.,* 815 S.W.2d 245, 249 (Tex.1991) (noting that court construing a statute should consider consequences of construction).

Therefore, we hold that the State Bar was not required to plead and prove that there was a pending disciplinary investigation against Love prior to May 1, 1992, to prosecute Love under the State Bar rules. To invoke the jurisdiction of the trial court, all that was required of the State Bar was that they plead sufficient facts to show that the trial court had jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

■ In its First Amended Disciplinary Petition, the State Bar referred to the applicable rules in pertinent part as follows:

> Rules of Disciplinary Procedure, 833–834 S.W.2d (Texas Cases) XXXVII (Tex.1991).

---

1. The Texas Rules of Disciplinary Procedure superceded article X of the State Bar Rules. Amended Order for Implementation of the Texas

Petitioner brings this disciplinary action pursuant to the State Bar Act, Tex. Gov't.Code Ann. § 81.000, et seq. (Vernon 1988) and the State Bar rules. The *complaints* which forms (sic) the basis of the First Amended Disciplinary Petition were filed prior to May 1, 1992. The acts and conduct of Respondent, as hereinafter described, constitute professional misconduct under the State Bar Rules. Art. X, § 57.

The State Bar's petition specifically stated they were bringing "this disciplinary action pursuant to the State Bar Act, TEX. GOV'T. CODE ANN. § 81.000, et seq. (Vernon 1988) and the State Bar rules." They specifically referred to complaints that had been filed against Love prior to the effective date of the Texas Rules of Disciplinary Procedure.

■ We find this language sufficient to support the application of the State Bar Rules. *See State Bar of Texas v. Dolenz*, 893 S.W.2d 113, 114–15 (Tex.App.—Dallas 1995, writ denied) (holding that disciplinary action based on conduct occurring before effective date of Texas Rules of Disciplinary Procedure governed by State Bar Rules). Where pleadings do not affirmatively show an absence of jurisdiction, a presumption exists in favor of jurisdiction. *See Peek v. Equipment Servc. Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex.1989). Here, the State Bar's pleadings do not affirmatively show that the State Bar Rules do not apply. Therefore, it was incumbent on Love to show the trial court why the State Bar Rules should not apply.[2] Having failed to show up for trial, Love did not meet this burden.

In conclusion, we decline Love's invitation to impose additional pleading requirements on the State Bar absent some legislative directive. The State Bar's petition did not affirmatively show the trial court lacked jurisdiction. Therefore, we presume the action against Love was properly before the trial court, and hold the trial court did not err in applying the State Bar Rules rather than the new Texas Rules of Disciplinary Procedure.

### Statute of Limitations

■ Love argues the trial court erred in entering a post-answer default judgment against him because the disciplinary action was barred by the statute of limitations. Love did not appear at trial or offer any evidence. However, he argues the State Bar did not controvert his verified answer that asserted the action was barred by limitations.

■ A statute of limitations plea is an affirmative defense. TEX.R. CIV. P. 94. The defendant bears the initial burden of proving an affirmative defense. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988). A defendant relying on an affirmative defense must plead, prove, and secure findings to sustain the defense. *Id.* Pleadings, even those that are verified, are not evidence of the truth of their allegations. *Stanley, Harris, Rice & Assoc. v. Lewis*, 410 S.W.2d 533, 534 (Tex.Civ.App.—Dallas 1966, no writ); *Kroger Co. v. Warren*, 410 S.W.2d 194, 196 (Tex.Civ.App.—Tyler 1966, no writ). Moreover, a defendant with an affirmative defense who fails to appear at trial, and offers no evidence to support that defense, effectively waives that affirmative defense. *Stoner v. Thompson*, 578 S.W.2d 679, 685 (Tex.1979); *RE/MAX of Texas, Inc. v. Katar Corp.*, 961 S.W.2d 324, 327 (Tex.App.—Houston [1st Dist.] 1997, no writ); TEX.R. CIV. P. 94.

Here, there is no evidence in the record proving or disproving Love's statute of limitations claims. Therefore, we overrule Love's first point of error.

### Violation of Disciplinary Rules

Love also contends the State Bar did not meet its burden of proving a violation of disciplinary rules. We disagree.

### Standard of Review

■ An appellant, who did not have the burden of proof on an issue at trial, and who attacks the legal sufficiency of an adverse

---

2. Additionally, we note that the State Bar's pleading provided fair and adequate notice to Love that the disciplinary action against him was being brought under the former State Bar Rules. If Love believed the State Bar's petition was vague, ambiguous, or misleading, he had an opportunity to complain by special exception. He failed to do so and, therefore, waived his objection. *Hitt v. Mabry*, 687 S.W.2d 791, 795–96 (Tex.App.—San Antonio 1985, no writ).

finding on that issue, must demonstrate that there is no evidence to support the finding. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983); *Stephanz v. Laird,* 846 S.W.2d 895, 898 (Tex.App.—Houston [1st Dist.] 1993, writ denied). In reviewing a no evidence point, we consider only the evidence and inferences that tend to support the finding. *Weirich v. Weirich,* 833 S.W.2d 942, 945 (Tex.1992). If there is any evidence to support the finding, then the finding will be upheld. *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989).

 Additionally, when a party, like Love in the present case, fails to request findings of fact and conclusions of law, the appellate court presumes the trial court made all necessary findings to support its judgment. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Magill v. Magill,* 816 S.W.2d 530, 532 (Tex.App.—Houston [1st Dist.] 1991, writ denied). In determining whether some evidence supports the judgment, we consider only the evidence most favorable to the judgment and disregard all evidence that is opposed to it or contrary in nature. *See Worford,* 801 S.W.2d at 109; *Ulrich v. Ulrich,* 652 S.W.2d 503, 506 (Tex.App.—Houston [1st Dist] 1983, no writ). The judgment of the trial court must be affirmed if the judgment is supported by any evidence in the record. *See In re W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984).

### Discussion

 Here, when Love returned to the courtroom after a two hour absence, and without conferring with the prosecution, the court coordinator explained to him that the trial judge had reset his case for the following day. Love, to say the least, was not pleased. In the presence of court personnel, Love became angry, abusive, and then proceeded to personally attack the trial judge. Love stated:

"There was a time that Jews could not serve on the bench. That little Jew will never call me a liar again." He further stated: "Do you remember or understand what happened in France to the Jews? The Jews were dug up from the grave and hung. That little Jew is not going to get away with this. That little Jew doesn't know this but I will have a cross burned in his front yard tonight. The Klu Klux Klan will not put up with this. That little Jew is not going to call me a liar ever again. I will see to it that that judge is impeached just like that drunk Don Hendrix."

We find this evidence more than sufficient to support the trial court's finding that Love violated the disciplinary rules. Therefore, we overrule his second point of error.

### Excessive Punishment

Finally, Love argues that disbarment was excessive punishment, disproportionate to the conduct alleged, and amounted to an abuse of discretion. We find his contention without merit.

### Standard of Review

 A trial court has broad discretion to determine the consequences of professional misconduct. *State Bar of Texas v. Kilpatrick,* 874 S.W.2d 656, 659 (Tex.1994). However, the judgment of a trial court in a disciplinary proceeding may be so light or heavy as to amount to an abuse of discretion. *Id.* The guiding rules and principles to determine the appropriate sanction for an attorney guilty of professional misconduct are set out in Texas Rule of Disciplinary Procedure 3.10. TEX.R. DISCIPLINARY P. 3.10. To determine the appropriate sanction, the trial court must consider the relevant factors set forth in Rule 3.10, including: (1) the nature and degree of the misconduct; (2) loss or damage to clients; (3) damage to the profession, assurance that others will be insulated from the type of misconduct found; (4) profit to the attorney; (5) avoidance of repetition; (6) deterrent effect on others; (7) maintenance of respect for the legal profession; (8) conduct of the attorney during Committee action; (9) trial of the cause; and (10) other relevant evidence concerning attorney's personal and professional background. *Id.* We will only reverse the trial court's decision if an abuse of discretion is shown. A trial court abuses its discretion when it acts without reference to any guiding rules and principles and the test is whether the trial court's act was arbitrary and unreasonable. *Down-*

er v. *Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1986). However, the mere fact that a trial court may decide a matter differently than an appellate court does not demonstrate an abuse of discretion. *Id.*

### Discussion

The trial court found that Love had violated Rules 3.04(a)(5), 8.04(a)(2), and 8.04(a)(4) of the Texas Disciplinary Rules of Professional Conduct. Additionally, the court took notice of Love's two prior criminal contempt convictions for professional misconduct. Love's punishment for these prior convictions consisted of a two-year suspension, one year active and one year probated, and a 24-day active suspension, respectively. Taking into consideration the nature of Love's misconduct, the bad light in which he cast the legal profession, the potential damage to his client, the desire to deter similar conduct in the future, and Love's prior professional misconduct, we find the trial court did not abuse its discretion.

We overrule Love's third point of error.

### *Conclusion*

The rules governing lawyer conduct serve many purposes. However, in their most basic form, the rules are designed to insure integrity for the legal system and those who work within that system. "[T]he right to practice law is a very great privilege. With this privilege comes an equal dose of responsibility." *State Bar of Texas v. Moore,* 932 S.W.2d 132, 138 n. 4 (Tex.App.—El Paso), *vacated,* 938 S.W.2d 717 (Tex.1997). As an officer of the court, Love had a responsibility and "duty to protect its integrity." *Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1076, 111 S.Ct. 2720, 2745, 115 L.Ed.2d 888 (1991). We hold Love breached this duty by his conduct.

The judgment of the trial court is affirmed.

A majority of the justices of the Court voted to deny appellee's motion for rehearing en banc. TEX.R.APP. P. 49.7.