In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00467-CV


____________________



NORMA CORA WITHEM, BETTIE LANELLE MENDENHALL,


AND PAM KRUMNOW, Appellants



V.



R.A. DEISON AND GEORGE D. GORDON OF THE LAW FIRM OF


BAGGETT, GORDON & DEISON, AND THE KRUMNOW FAMILY TRUST,


AND PHIL KRUMNOW, INC. EMPLOYEE PENSION TRUST, Appellees 


 




On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 05-08-07727-CV






MEMORANDUM OPINION



 This is an appeal from a permanent anti-suit injunction. We reverse the trial court's
order and remand the cause for further proceedings consistent with this opinion.

Background


 Plaintiffs-appellees R.A. Deison and George D. Gordon of the Law Firm of Baggett,
Gordon & Deison ("Deison") filed suit against the Krumnow Family Trust and Phil
Krumnow, Inc. Employee Pension Trust in the 9th Judicial District Court of Montgomery
County, Texas, to recover fees for legal services performed in representing the trusts
established by the grantor, Phillip Morris Krumnow, Sr. The trial court signed an agreed
final judgment that awarded $229,225.49 to Deison.

 Deison subsequently filed a verified application for temporary restraining order,
temporary injunction, and permanent injunction against appellants Norma Cora Withem,
Bettie Lanelle Mendenhall, and Pam Krumnow, who are the grantor's children and, as such,
are beneficiaries of the Krumnow Family Trust. (1) In the application, Deison contended that
the Krumnow Family Trust owned real property in Falls County, Texas, and that Deison had
a writ of execution issued "for the purposes of levying on the . . . property in Falls County,
Texas[,]" and that the constable executed the writ, levied on the property, and posted the
property for sale on January 1, 2008. Deison also asserted that before the scheduled 
constable's sale, appellants filed in the 82nd District Court of Falls County, Texas, an
application for a temporary restraining order to enjoin the sale, and the 82nd District Court
granted a temporary restraining order and temporary injunction prohibiting Deison from
"taking any action to collect" on the judgment. Deison sought to restrain appellants from
bringing any legal proceedings against Deison and "from any further action that would affect
the Judgment Creditors' rights to satisfy their judgment against the Judgment Debtors." 
Deison asserted a probable right of recovery, imminent irreparable harm, and lack of an
adequate remedy at law. In the petition, Deison sought a permanent injunction after "a full
trial on the merits[.]"

 The trial court signed a "Temporary Restraining Order and Order Setting Hearing for
Temporary Injunction." The trial court extended the temporary restraining order several
times, and the trial court signed an "Order [R]e-setting Temporary Injunction Hearing[,]" in
which it scheduled a hearing for August 4, 2008. At that hearing, the trial court heard
arguments of counsel, but neither of the parties called any witnesses, and the defendants-appellants only introduced as evidence: (1) the election of Withem and Mendenhall to
become successor trustees; and (2) the Krumnow Family Trust Agreement.

 At the hearing, neither party provided a copy of the temporary restraining order from
Falls County, but counsel for both parties asserted that defendants-appellants had obtained
a temporary restraining order in Falls County that restrained Deison from executing on the
property to satisfy the judgment. Deison argued that the Falls County District Court lacked
jurisdiction to stop the enforcement of the Montgomery County District Court's final
judgment and asked the Montgomery County District Court to enjoin appellants from
interfering with that court's final judgment. In addition, Deison argued that irreparable harm
existed because substantial taxes were due on the Falls County property. At the conclusion
of the hearing, the trial court stated that it would prefer to take the case on submission rather
than oral argument, and it requested briefs from the parties, and asked that the parties "attach
to that copies of whatever the Judge in Falls County issued." Although both parties filed
post-hearing briefs, the record does not indicate that either party provided the Falls County
documents that the trial court had requested. The trial court signed a permanent injunction
that enjoined appellants and "their attorneys and/or agents"

 from any action that would interfere with Plaintiffs['] right to collect their
judgment against any real property belonging to The Krumnow Family Trust
and Phil Krumnow, Inc. Employee Pension Trust and from proceeding with
the lawsuit currently pending in the 82nd District Court of Falls County, Texas
in cause number 36,725.


Appellants then filed this appeal.

Issue Three


 In their third issue, appellants contend that "[t]he requirement for an evidentiary
hearing, whereby evidence supporting the granting of the permanent injunction must be
introduced and admitted, cannot be waived by the parties." As part of their argument in issue
three, appellants assert that the trial court's ruling is not supported by sufficient evidence. 
We construe issue three as a challenge to the factual sufficiency of the evidence supporting
the trial court's temporary injunction order.

 "An anti-suit injunction is appropriate in four instances: 1) to address a threat to the
court's jurisdiction; 2) to prevent the evasion of important public policy; 3) to prevent a
multiplicity of suits; or 4) to protect a party from vexatious or harassing litigation." Golden
Rule Ins. Co. v. Harper, 925 S.W.2d 649, 651 (Tex. 1996) (citation omitted). A party
seeking a permanent injunction must prove a wrongful act, imminent harm, irreparable
injury, and the lack of an adequate remedy at law. Jordan v. Landry's Seafood Rest., Inc.,
89 S.W.3d 737, 742 (Tex. App.--Houston [1st Dist.] 2002, pet. denied). In an appeal of a
permanent injunction, an appellate court must review all of the evidence to determine
whether the trial court's ruling was correct. Brown v. Carroll, 683 S.W.2d 61, 62 (Tex.
App.--Tyler 1984, no writ); Tex. Commerce Bank-Irving v. McCreary, 677 S.W.2d 643, 644
(Tex. App.--Dallas 1984, no writ). When, as here, a party attacks the factual sufficiency of
the evidence as to an issue on which it did not have the burden of proof, the party must
demonstrate that the evidence is insufficient; that is, that the evidence supporting the finding
is so weak that the finding is clearly wrong and manifestly unjust. Bay, Inc. v. Ramos, 139
S.W.3d 322, 329 (Tex. App.--San Antonio 2004, pet. denied); Hickey v. Couchman, 797
S.W.2d 103, 109 (Tex. App.--Corpus Christi 1990, writ denied).

 As previously discussed, no witnesses testified at the hearing on Deison's application,
and despite the trial court's request for documents concerning the proceedings in Falls
County, the record does not indicate that such documents were before the trial court. The
trial court merely heard the arguments of counsel at the hearing, and counsel for both parties
seemed to agree concerning the nature of the proceedings in Falls County and made factual
assertions about said proceedings. However, arguments of counsel do not constitute
evidence. Clayton v. Wisener, 169 S.W.3d 682, 684 (Tex. App.--Tyler 2005, no pet.);
McCain v. NME Hosps., Inc., 856 S.W.2d 751, 757 (Tex. App.--Dallas 1993, no writ). In
addition, pleadings, even when verified, are not competent evidence of the truth of the
allegations contained therein. Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904
S.W.2d 656, 660 (Tex. 1995); Stanley, Harris, Rice & Assocs. v. Lewis, 410 S.W.2d 533, 534
(Tex. Civ. App.--Dallas 1966, no writ).

 The record evidence, if any, supporting the trial court's order is so weak that the
finding is clearly wrong and manifestly unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); Ramos, 139 S.W.3d at 329. We sustain issue three. Because the record contains
factually insufficient evidence of the existence of a wrongful act, imminent harm, irreparable
injury, and the lack of an adequate remedy at law, we reverse the trial court's order granting
a permanent injunction and remand the cause for further proceedings consistent with this
opinion. (2) See Jordan, 89 S.W.3d at 742.

 REVERSED AND REMANDED. 


 

 STEVE McKEITHEN

 Chief Justice


Submitted on June 30, 2009

Opinion Delivered July 16, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Norma Cora Withem and Bettie Lanelle Mendenhall elected to become successor
trustees of their respective shares of the trust on February 12, 2003.
2. Because of our resolution of issue three, we need not address issues one and two, as
they would not result in greater relief. See Tex. R. App. P. 47.1.