ACCEPTED
01-14-00907-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 5:17:47 PM
CHRISTOPHER PRINE
CLERK

# IN THE COURT OF APPEALS
# FOR THE FIRST DISTRICT OF TEXAS
# AT HOUSTON

_____

## NO. 01-14-00907-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 5:17:47 PM
CHRISTOPHER A. PRINE
Clerk

## CRUM & FORSTER SPECIALTY INSURANCE COMPANY, Appellant

## v.

## CREEKSTONE BUILDERS, INC., et al., Appellees

_____

## On Appeal from the 215th Judicial District Court
## Harris County, Texas
## Cause No. 2014-29616

_____

## APPELLANT CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S MOTION FOR REHEARING AND MOTION FOR EN BANC RECONSIDERATION

_____

**BRIAN S. MARTIN**
**Texas State Bar No. 13055350**
**RODRIGO "DIEGO" GARCIA, JR.**
**Texas State Bar No. 00793778**
**CHRISTOPER H. AVERY**
**Texas State Bar No. 24069321**
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
**One Riverway, Suite 1400**
**Houston, Texas   77056-1988**
**(713) 403-8210  Telephone**
**(713) 403-8299  Facsimile**

2315842v4
05060.795

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

ISSUES PRESENTED ON REHEARING..................................................................iv

RELEVANT BACKGROUND ....................................................................................2

ARGUMENT ...............................................................................................................3

    A.  The Panel Did Not Apply the Correct Factors in Its Analysis ..................4

    B.  Appellees Failed to Meet Their Burden of Proof .......................................6

        1.  Private Interest Factors.....................................................................8

        2.  Public Interest Factors....................................................................14

CONCLUSION AND PRAYER .................................................................................17

2315842v4
05060.795

# INDEX OF AUTHORITIES

*Baker v. Bell Helicopter Textron, Inc.,*
985 S.W.2d 272 (Tex. App.—Fort Worth 1999, pet. denied) ................................. 5

*Brenham Oil & Gas, Inc. v. TGS-NOPEC Geophysical Co.,*
__ S.W.3d __, 01-13-00349-CV, 2015 WL 4591788 (Tex. App.—Houston [1st
Dist.] July 30, 2015, no pet.) ................................................................................ 4

*Bosch v. Frost Nat'l Bank,*
__ S.W.3d __, 01-14-00191-CV, 2015 WL 4463666 (Tex. App.—Houston [1st
Dist.] July 21, 2015, no pet.) .............................................................................. 11

*CCC Group, Inc. v. S. Cent. Cement, Ltd.,*
450 S.W.3d 191 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ........................... 6

*Crum & Forster Specialty Ins. Co. v. Creekstone Builders, Inc.,*
__ S.W.3d __, 01-14-00907-CV, 2015 WL 6488276 (Tex. App.—Houston [1st
Dist.] Oct. 27, 2015, no. pet. h.) ........................................................................... 1

*Davis v. Nat'l Lloyds Ins. Co.,*
__ S.W.3d __, 01-14-00278-CV, 2015 WL 6081411 (Tex. App.—Houston [1st
Dist.] Oct. 13, 2015, no. pet. h.) ......................................................................... 11

*Exxon Corp. v. Choo,*
881 S.W.2d 301 (Tex. 1994) ................................................................................. 3

*In re Doe 10,*
78 S.W.3d 338 (Tex. 2002) ................................................................................... 6

*In re Pirelli Tire, L.L.C.,*
247 S.W.3d 670 (Tex. 2007) ............................................................................... 10

*Lenoir v. Marino,*
469 S.W.3d 669 ................................................................................................... 11

*Love v. State Bar of Texas,*
982 S.W.2d 939 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ......................... 14

2315842v4
05060.795

*Lumenta v. Bell Helicopter Textron, Inc.,*
*01-14-00207-CV,* 2015 WL 5076299 (Tex. App.—Houston [1st Dist.] Aug. 27,
2015, no. pet. h.) ................................................................................................ 7

*Mercer v. Daoran Corp.,*
676 S.W.2d 580 (Tex. 1984)............................................................................. 13

*Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.,*
279 S.W.3d 650 (Tex. 2009)............................................................................. 12

*Piper Aircraft Co. v. Reyno,*
454 U.S. 235 (1981)....................................................................................... 4, 10

*Quixtar Inc. v. Signature Management Team, LLC,*
315 S.W.3d 28 (Tex. 2010)................................................................................. 4

*RSR Corp. v. Siegmund,*
309 S.W.3d 686 (Tex. App.—Dallas 2010, no pet.) ........................................ 10

*State Farm Fire & Casualty Co. v. Gandy,*
925 S.W.2d 696 (Tex. 1996)............................................................................... 2

*Truong v. Vuong,*
105 S.W.3d 312 (Tex. App.—Houston [14th Dist.] 2003, no pet.)................... 17

2315842v4
05060.795

# ISSUES PRESENTED ON REHEARING

1. This case involves an insurance coverage dispute regarding whether the subject policies provide the insureds coverage relative to a construction-defects suit in South Carolina. The policies were issued in Texas, through a Texas broker, delivered to the insured in Texas, and specifically exclude coverage for operations in South Carolina. In making its *forum non conveniens* analysis, the Panel gave primary emphasis to facts relating to the underlying construction-defects suit rather than the facts relating to the issuance of the policies. For purposes of this coverage dispute, Appellees did not meet their burden of showing that Texas is an inconvenient forum for litigation.

2. The Panel incorrectly considered conclusory and unsupported allegations in granting Defendants' motion to dismiss under the doctrine of *forum non conveniens*, including conclusory statements, allegations in pleadings, and unsupported legal opinions.

3. By placing the focus of the *forum non conveniens* analysis on the underlying tort action (to which Appellant Crum & Forster was not a party) rather than on the insurance coverage dispute between the parties, and by basing its decision on items that are not properly considered under the *forum non conveniens* doctrine, the Panel has substantially rewritten *forum non conveniens* law. Because the decision of the Panel will affect a substantial number of future cases involving *forum non conveniens*, this case presents an extraordinary circumstance that should be reviewed by the Court en banc to either maintain the uniformity of the Court's decisions or explain why such a fundamental change in *forum non conveniens* law is being made.

2315842v4
05060.795

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

Pursuant to Tex R. App. P. 49, Appellant Crum & Forster Specialty Insurance Company files this Motion for Rehearing and Motion for En Banc Reconsideration. In this lawsuit, insurer Crum & Forster seeks declaratory relief regarding whether it owes insurance coverage for a $55 million judgment ("Underlying Judgment") entered against Appellee Creekstone SC I in state court in South Carolina. The trial court dismissed this case for lack of a convenient forum, and the Panel affirmed. *Crum & Forster Specialty Ins. Co. v. Creekstone Builders, Inc.*, __ S.W.3d __, 01-14-00907-CV, 2015 WL 6488276 (Tex. App.—Houston [1st Dist.] Oct. 27, 2015, no. pet. h.).

The Panel's opinion improperly deprives Crum & Forster of its choice of a Texas venue. The Panel accomplished this by giving controlling weight to the *forum non conveniens* factors applicable to the underlying construction-defect lawsuit against Creekstone. That suit has been tried and has resulted in the Underlying Judgment. The present case is a contractual coverage dispute involving insurance policies issued in Texas that exclude South Carolina coverage. The Panel erred by not recognizing the difference between the present contract action and the prior tort action and basing its *forum non conveniens* analysis on factors irrelevant to a contract dispute.

- 1 -

2315842v4
05060.795

Declaratory judgment actions to resolve insurance coverage disputes are an important tool under Texas law and have been recommended by the Texas Supreme Court. *See State Farm Fire & Casualty Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996) (noting that when a coverage dispute arises, "it is not unusual" for an insured or an insurer to file a declaratory judgment action because such disputes "can often be expeditiously resolved in an action for declaratory judgment"). The Panel's decision has the potential to greatly undercut the efficacy of declaratory judgment actions in Texas by denying Texas as a venue solely because some of the underlying facts that gave rise to the coverage dispute occurred outside of Texas. Such a fundamental change in declaratory judgment law should not happen without careful consideration of the ramifications of the Panel's decision both by the Panel and the Court en banc.

## RELEVANT BACKGROUND

Crum & Forster issued general liability policies to five related entities, including Appellees[1] Creekstone Builders, Inc., Creekstone SC I, LLC, and Nashville Creekstone, LLC. CR 120–122, 139, 215, 286. The policies were issued through a Texas broker and delivered in Texas. CR 120–122, 139, 215, 286.

The policies contained a State Operations Exclusion ("SOE") that specifically excluded coverage for any claim arising out of the insureds' operations

---

[1] Appellees are Creekstone Builders, Inc., Creekstone SC I, LLC, Nashville Creekstone, LLC, and Creekstone Builders' president Everett Jackson and vice president Stephen Keller. For simplicity, the collective term "Appellees" is used herein, unless it is necessary to refer to the Appellees individually

2315842v4
05060.795

in South Carolina. CR 280, 350. In 2010, Appellees were sued in South Carolina for construction defects in an apartment-to-condominium construction project in South Carolina. CR 45–46. Crum & Forster denied coverage for the claim because of the SOE. A judgment for more than $55 million was entered against Creekstone SC I in June 2014. CR 46.

In May 2014, Crum & Forster filed this suit ("Lawsuit") against Appellees seeking declaratory relief on whether the judgment was covered under the policies in light of the SOE precluding coverage for South Carolina. CR 5. Appellees answered and filed a motion to dismiss on grounds of *forum non conveniens* and the failure to join the plaintiff in the underlying suit an indispensable party. The trial court granted Appellees' motion on both grounds. CR 407. The Panel affirmed the trial court's judgment on the *forum non conveniens* ground and expressly did not consider the indispensable party ground. *See* Panel Op., 2015 WL 6488276, at *9 & n.3.[2]

## ARGUMENT

*Forum non conveniens* is an equitable doctrine exercised by courts to prevent the imposition of an inconvenient jurisdiction on a litigant. *Exxon Corp. v. Choo*, 881 S.W.2d 301, 302 (Tex. 1994). The "central focus of the forum non

---

[2] Several weeks after Crum & Forster filed this Lawsuit, Creekstone SC I and other parties filed an action in federal court in South Carolina seeking a declaration that Crum & Forster is obligated to pay the judgment entered in the underlying case and additional relief. That action remains pending at this time.

2315842v4
05060.795

conveniens inquiry is convenience." *Quixtar Inc. v. Signature Management Team, LLC*, 315 S.W.3d 28, 33 (Tex. 2010) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981)). Appellees as movants bore the burden to prove entitlement to dismissal on *forum non conveniens* grounds. *See Brenham Oil & Gas, Inc. v. TGS-NOPEC Geophysical Co.*, __ S.W.3d __, 01-13-00349-CV, 2015 WL 4591788, at \*15 (Tex. App.—Houston [1st Dist.] July 30, 2015, no pet.).

## A. The Panel Did Not Apply the Correct Factors in Its Analysis

A *forum non conveniens* analysis requires that the court balance public and private interest factors to decide if dismissal is appropriate. *See id.* at \*16. In its opinion, the Panel improperly focused more on the public and private factors as they relate to the underlying tort action than to the present coverage dispute. While South Carolina may have a connection to the construction-defect case, South Carolina was a stranger to the issuance and interpretation of the insurance policies.

The Court's reference to facts relevant to the underlying suit may have been made because Appellees, who bore the burden of showing that the balance of factors favors dismissal, made no effort to address the factors that relate to the coverage case brought in Texas.[3] The facts surrounding the construction work done by Creekstone and the resulting defects in construction have already been litigated and reduced to judgment. There will be no reason in this case to inquire

---

[3] The deficiencies in Appellees' proof will be discussed in more detail in the next section.

- 4 -

2315842v4
05060.795

into the details of the construction work, the damages allegedly suffered by the purchasers of the condominium units, or anything else that happened on the ground in South Carolina. That story has ended.

The appropriate *forum non conveniens* analysis in this case should be on the public and private factors that relate to negotiation and issuance of the contract and application of the contract terms to the written judgment. *See Baker v. Bell Helicopter Textron, Inc.*, 985 S.W.2d 272, 277 (Tex. App.—Fort Worth 1999, pet. denied) (explaining *forum non conveniens* decisions are made pursuant to "the facts or circumstances **of the particular case**" (emphasis added)). Nonetheless, Appellees did not present facts relevant to the contract-interpretation issues present in this Lawsuit, but instead focused on the fact that the underlying tort case occurred in another state. Appellees simply provided no evidence proving that it would be inconvenient for them to litigate this declaratory judgment action in Texas.

The Panel took the sparse facts supplied by Appellees and conducted its *forum non conveniens* analysis without asking the basic question of whether Texas is a substantially inconvenient forum for a coverage case involving policies issued in Texas to a group of insureds who have their principal place of business in Texas and that exclude coverage for South Carolina operations.

2315842v4
05060.795

The Panel also gave undue influence to the fact that Creekstone SC I was a South Carolina limited liability company without explaining why that is an important fact *in this litigation*. There is no evidence that any document related to Creekstone SC I is maintained by the company in South Carolina or that any of its officers or employees who might be witnesses in this case are located in South Carolina.

In short, the Panel's analysis improperly puts its focus on evidence relating to the underlying construction project, but that is not an issue in this case. The inquiry that must be made is whether the public and private interest factors as applied to the present coverage dispute support dismissal of the suit in Texas.

**B.    Appellees Failed to Meet Their Burden of Proof**

Appellees bore the burden to prove entitlement to dismissal on *forum non conveniens* grounds. *Brenham Oil*, 2015 WL 4591788, \*15. The Panel determined that Appellants did not need to present evidence at the hearing on its motion to dismiss, but instead could rely on evidence attached to their motion. Panel Op., 2015 WL 6488276, \*5–6. The Panel recognized that Appellants were required to present "some evidence" in support of their motion. *Id.*

The term "some evidence" does not include speculation or unsupported, conclusory allegations or statements. *See In re Doe 10*, 78 S.W.3d 338, 342 (Tex. 2002); *CCC Group, Inc. v. S. Cent. Cement, Ltd.*, 450 S.W.3d 191, 202 (Tex.

- 6 -

App.—Houston [1st Dist.] 2014, no pet.). This Court recently reiterated that a trial court's implicit findings supporting a *forum non conveniens* decision cannot be arbitrary and will be affirmed only "***so long as they are also supported by the evidence***." *Lumenta v. Bell Helicopter Textron, Inc.*, 01-14-00207-CV, 2015 WL 5076299, at *4 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, no. pet. h.) (mem. op.) (emphasis added).

As the Panel noted, the only evidence Appellees presented was attached to their motion to dismiss. The evidence generally consisted of an affidavit from the corporate entity that is the judgment creditor of Creekstone SC I for the underlying suit,[4] corporate documents relating to "Creekstone Management, LLC" (showing it is a Texas corporation), and the underlying judgment. Appellees did not offer any evidence discussing where the contract formation and issuance occurred, whether Creekstone SC I still has any physical presence in Texas, where any witnesses are located, or whether Texas is an inconvenient forum for any witness other than the judgment creditor (who is not a party to the suit and may not even be a witness in this case).

It is against this record that the propriety of dismissal must be evaluated.

---

[4] Creekstone SC I's judgment creditor is East Bridge Lofts Property Owners Association, Inc. ("POA").

- 7 -

## 1. Private Interest Factors

Appellees presented very limited evidence on the private interest factors in support of their motion to dismiss. Moreover, it is the evidence Appellees *did not* present that most glaringly demonstrates why the trial court erred by dismissing this Lawsuit. Appellees did not present any evidence indicating (1) where the sources of proof potentially relevant to this Lawsuit are located, (2) where Appellees' own corporate representatives and employees are located, (3) where the subject insurance policies were negotiated, (4) where witnesses Appellees will possibly use to litigate this Lawsuit are located, or (5) why it is inconvenient, financially or otherwise, for Appellees to participate in this Lawsuit. In the absence of this evidence, Appellees cannot meet their burden.

Instead of providing relevant information, Appellees presented a single affidavit from a representative of the judgment creditor in the underlying suit, Amanda Graham. CR 45–48. The Panel noted that Graham made the following assertions in her affidavit:

> Graham averred that the condominiums that were the subject of the construction-defects suit are located in South Carolina, that the POA obtained a judgment in South Carolina against Creekstone SC I, that the "dispute turns on South Carolina witnesses," that South Carolina is the only state that can exercise jurisdiction over all parties interested in the outcome of the insurance coverage dispute, and that a suit concerning insurance coverage is also pending in South Carolina federal court and involves the POA, Creekstone SC I, Creekstone Builders, and Crum & Forster.

- 8 -

Panel Op., 2015 WL 6488276, at *7. From these assertions, the Panel concluded, "It is clear from the record that at least some of Creekstone's sources of proof and witnesses are located in South Carolina." *Id.* For several reasons, the Panel's reliance on Graham's assertions was misplaced.

First, Graham's assertions that "condominiums that were the subject of the construction-defects suit are located in South Carolina" and "POA obtained a judgment in South Carolina against Creekstone SC I" are wholly irrelevant. Appellees and the Panel provided no explanation for why the location of the condominiums or where the Underlying Judgment was rendered have any bearing on whether this *declaratory judgment action* is convenient in Texas.

Second, Graham's assertion that the "dispute turns on South Carolina witnesses" is wholly conclusory and thus no evidence. Citing to Supreme Court of Texas precedent, the Panel explained, "Creekstone was not required to submit detailed lists of the witnesses that it plans to call or the evidence that it plans to introduce at trial." Panel Op., 2015 WL 6488276, at *7 (citing *Quixtar*, 315 S.W.3d at 34). However, the Panel improperly interpreted this precedent to mean that Appellees did not have to present *any* evidence regarding the witnesses they plan to call.

The *Quixtar* court, while explaining that the movant need not conduct an "extensive investigation" and provide the substance of all its potential witnesses'

2315842v4
05060.795

testimony, held, "Obviously, there needs to be enough information 'to enable the District Court to balance the parties' interests.'" *Quixtar*, 315 S.W.3d at 34 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)); *see also RSR Corp. v. Siegmund*, 309 S.W.3d 686, 713 (Tex. App.—Dallas 2010, no pet.) (holding that *forum non conveniens* movant failed to meet burden of proof by presenting "a conclusory statement that it would be 'hardship' to litigate in Dallas and presenting an affidavit explaining [movant's] lack of presence in Texas"). In prior appeals in which this Court affirmed dismissal based on *forum non conveniens*, the movant provided at least some explanation regarding why witnesses located in the sought-after forum had a connection to the issues in dispute.[5] Neither in the Graham affidavit nor anywhere else have Appellees identified a single witness who can provide relevant testimony to this case who lives or works in South Carolina.

---

[5] *See, e.g.*, *Lumenta*, 2015 WL 5076299, at *2 ("Moreover, all the 'key witnesses' are in Indonesia, including the INTSC representatives, who conducted the official investigation of the crash and recovery of the wreckage; the Manado Airport employees, who tracked and communicated with the helicopter; the mechanics, who serviced the helicopter; and all the employees of the companies that owned, chartered, maintained, and operated the helicopter."); *Brenham Oil*, 2015 WL 4591788, at *18 ("[T]here are other material witnesses who are located in Togo and Israel. The Togolese government was assisted at the negotiations with Brenham Oil by Yair Green, an Israeli lawyer, and Raphael Edery, an Israeli economic adviser. It is undisputed that Siah and his superior Dammipi Noupokou, the Togolese Minister of Energy and Mines, are located in Togo. TGS asserts that it is unable to obtain vital defense testimony in a Texas court because the Togolese witnesses refused to participate in discovery in Texas, and their testimony could not be secured through the Texas court because Togo is not a party to the Hague Convention on the Taking of Evidence Abroad."); *see also In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 678 (Tex. 2007) ("First, key evidence and witnesses concerning damages are in Mexico. Benitez, the only witness to the accident, together with the accident investigators and all medical personnel are in Mexico. The witnesses most likely to be familiar with the condition and maintenance of the truck and the tire, the truck's owner and its importer, are in Mexico.").

- 10 -

A conclusory statement in an affidavit never constitutes "some evidence." *See Lenoir v. Marino*, 469 S.W.3d 669, 686 (Tex. App.—Houston [1st Dist.] 2015, pet. filed) ("Conclusory statements in affidavits are insufficient to establish the existence of a fact."). Conclusory statements are so fundamentally flawed, that objections to such statements cannot be waived. *See Bosch v. Frost Nat'l Bank*, __ S.W.3d __, 01-14-00191-CV, 2015 WL 4463666, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2015, no pet.). The Panel's reliance on conclusory affidavit testimony was erroneous and in contradiction of this Court's precedent.

It is also notable that Appellees did not provide any statement, conclusory or otherwise, regarding whether *they* plan to use witnesses or evidence from South Carolina in the Lawsuit. Instead, Appellees submitted their *judgment creditor's* conclusory statement on the issue—a non-party to this Lawsuit. Clearly, a non-party's conclusory statement about witnesses is not evidence that Appellees will be inconvenienced if they try this Lawsuit in Texas.

Furthermore, neither Creekstone nor the Panel explained why *any* witnesses are needed. Again, this is a contract interpretation case, not a fact-intensive tort case. As this Court frequently recognizes, extrinsic evidence and testimony generally have no role in a contract interpretation case. *See, e.g.*, *Davis v. Nat'l Lloyds Ins. Co.*, __ S.W.3d __, 01-14-00278-CV, 2015 WL 6081411, at *6 (Tex. App.—Houston [1st Dist.] Oct. 13, 2015, no. pet. h.); *Dupree v. Boniuk Interests,*

2315842v4
05060.795

*Ltd.*, __ S.W.3d __, 01-14-00864-CV, 2015 WL 4624117, at \*9 (Tex. App.—Houston [1st Dist.] Aug. 4, 2015, no pet.).

In its Original Petition, Crum & Forster contends it does not owe coverage because one of the policies does not apply to any of the Creekstone defendants in the underlying suit, and the other policies contain the unambiguous SOE. CR 9–10. These issues will be decided by a court's review of the policies. *See Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 655 (Tex. 2009) ("The duty to defend depends on the language of the policy setting out the contractual agreement between insurer and insured."). Indeed, even in the declaratory judgment action filed in South Carolina federal court, Creekstone asserts legal arguments—*not evidentiary grounds*—as for why the exclusion does not apply. CR 64 at ¶ 30. Appellees do not even suggest, let alone provide evidence to show, that it would be more inconvenient to make this argument in Texas.

Third, Graham's assertion "that South Carolina is the only state that can exercise jurisdiction over all parties interested in the outcome of the insurance coverage dispute" is clearly not a statement of fact but a conclusory legal opinion—a legal opinion Graham is not qualified to make. A conclusory opinion on a matter of law reserved for the court's determination is not evidentiary. *See* Tex. R. Civ. P. 39 (providing trial court determines whether a party is

- 12 -

indispensable); *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984). Additionally, the Panel does not explain why this statement is important. In its first appellate issue, Appellees argued that the judgment creditor is an indispensable party to this Lawsuit. However, the Panel expressly did not address this issue. Panel Op., 2015 WL 6488276, at *9 n.3.

Fourth, Graham's assertion that "a suit concerning insurance coverage is also pending in South Carolina federal court and involves the POA, Creekstone SC I, Creekstone Builders, and Crum & Forster" is again not evidence showing that South Carolina would be a more convenient forum for the parties. Merely because a party files a suit in a chosen venue does not mean that venue is more convenient than any other venue. Hence, the Panel erred by deciding this statement is evidence supporting the trial court's dismissal.

Finally, the Panel apparently determined that allegations in a pleading establish that Creekstone SC I lacks a Texas connection:

> Although Crum & Forster alleged in its original petition in the underlying action that Creekstone SC I was organized under the laws of South Carolina but had a principal place of business in Texas, Creekstone alleged in the federal action, ***which it attached as evidence to its motion to dismiss***, that Creekstone SC I "is a South Carolina limited liability company."

*Id.* at *7 (emphasis added). Based on this allegation, the Panel determined that Texas is a poor choice for venue because "the one defendant in the underlying

- 13 -

action that is a party to the judgment in the construction-defects suit, Creekstone SC I, is a South Carolina entity." *Id.*

The Panel's determination is erroneous because an allegation in a pleading is not evidence. *See Love v. State Bar of Texas*, 982 S.W.2d 939, 943 (Tex. App.—Houston [1st Dist.] 1998, no pet.). More importantly, whether Creekstone SC I is a South Carolina limited liability company is irrelevant to this contract-interpretation action (and also does not disprove that Creekstone SC I has a principal place of business in Texas). The Panel did not explain why the place of Creekstone SC I's incorporation is material to this Lawsuit and its place of business is not.

Accordingly, the Panel improperly considered the private interest factors by focusing on the location of the underlying tort claims instead on how the factors apply to this declaratory judgment action.

## 2. Public Interest Factors

The Panel next analyzed the public interest factors. Panel Op., 2015 WL 6488276, at *8–9. The Panel began by acknowledging that Texas is a proper forum for this declaratory judgment action: "Crum & Forster is correct that Creekstone Builders is a Texas entity and that Crum & Forster's broker involved in issuing the policies is located in Houston. As a result, Texas does have an interest in adjudicating this dispute, and there is at least some justification for retaining the case in Texas." *Id.* at *8.

- 14 -

Nonetheless, the Panel then once again focused on the irrelevant facts that Creekstone SC I is a South Carolina entity and the underlying tort case occurred in South Carolina:

> However, one of the defendants in this case, Creekstone SC I, the only defendant in the underlying action that is also a party to the judgment rendered in the construction-defects suit, is a South Carolina entity, and the insurance coverage dispute that is the focus of the underlying action arose solely because of the defective condominium construction that occurred in South Carolina. Creekstone Builders, the Texas entity, is not a party to the construction-defects judgment and therefore is not liable for that judgment. Thus, although this case does involve a connection to Texas, it is more appropriately characterized as a South Carolina controversy.

*Id.* at *8. Hence, the Panel concluded that South Carolina has more of a stake in this contract-interpretation claim than Texas merely because the underlying tort claim occurred in South Carolina. As stated above, this improperly emphasizes the location of a separate and distinct tort lawsuit, with different issues and burdens, and ignores the actual Texas connection to this Lawsuit, which include:

- The service-of-process documents show that Appellees Creekstone Builders, Nashville Creekstone, Everett Jackson, Creekstone SC I were ***served with this Lawsuit in Texas and have all answered***. CR 14–27.

- The subject policies were procured by a broker located in Houston, Texas and delivered to insureds located in Houston, Texas. RR 17–18; CR 120–122, 139, 215, 286.

- The policies expressly exclude coverage for South Carolina operations. CR 280, 350. The people of South Carolina have no reason to be jurors in a case involving a policy issued in Texas that excludes South Carolina coverage. It is more proper for the people of Texas to serve as jurors in this Lawsuit (if

2315842v4
05060.795

fact-issues exist that require jury resolution, which Appellees have not demonstrated).

Accordingly, this declaratory judgment action is not "more appropriately characterized as a South Carolina controversy," but is a contract-interpretation dispute involving insurance policies issued in Texas through a Texas broker to a Texas entity.

Finally, the Panel stated:

> Moreover, we note that an insurance coverage dispute is also pending in South Carolina federal court, that the POA is a party to that action, and that Crum & Forster, the defendant in that action, has not contested jurisdiction in the South Carolina federal court. Thus, the trial court's decision to dismiss the underlying action promotes judicial economy by reducing the multiplicity of suits related to the same controversy.

Panel Op., 2015 WL 6488276, at *9. As already explained, the Panel provided no analysis regarding why the judgment creditor's absence from this Texas suit is significant. Moreover, according to the Panel's reasoning, a defendant can create a situation favoring *forum non conveniens* dismissal simply by filing its own suit in another state. The Panel's analysis actually encourages multiplicity of suits and gamesmanship by defendants seeking to inconvenience plaintiffs who have already chosen Texas as a forum.

If Appellees really believed that Texas is an inconvenient forum, they would have come forward with evidence that names witnesses located in South Carolina, or identified documents that existed only in South Carolina, or identified the

2315842v4
05060.795

physical presence Creekstone SC I has in South Carolina that makes Texas a difficult forum in which to resolve the contract dispute. Appellees did none of this because Texas is not an inconvenient forum, and the Panel erred in affirming the dismissal.

## CONCLUSION AND PRAYER

In sum, the trial court abused its discretion in granting dismissal based on *forum non conveniens*. In a concurrence from the Fourteenth Court of Appeals, Justice Frost explained why a trial court cannot grant dismissal for *forum non conveniens* when the movant does not present actual evidence favoring dismissal:

> Forum non conveniens considerations allow the trial court to engage in a discretionary balancing of factors in order to determine the most appropriate forum for the litigation. A trial court's balancing of the factors must not be based on speculation or conjecture, but on evidence in the record. Absent proof of inconvenience or additional costs, there is no basis to conclude that maintenance of the action in Texas would work a substantial injustice to the Vuongs or that the balance of private interests of the parties and public interests of the state tilts strongly in favor of a Georgia forum. The Vuongs have not adduced evidence demonstrating that the Texas forum chosen by the Truongs is so completely inappropriate and inconvenient that it would be better to shut down the Texas litigation so that the parties can litigate this dispute exclusively in the Georgia court.

*Truong v. Vuong*, 105 S.W.3d 312, 321 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (Frost, J., concurring). The same rationale applies here.

Accordingly, Crum & Forster respectfully requests that the Panel grant this motion for rehearing, or alternatively the Court en banc grant this motion for

2315842v4
05060.795

reconsideration, withdraw the Panel opinion and judgment, and render judgment reversing the trial court's judgment dismissing this Lawsuit, and for any other relief to which Crum & Forster is entitled, included costs of this appeal.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS, LLP

By: */s/ Brian S. Martin*
    BRIAN S. MARTIN
    Texas State Bar No. 13055350
    *E-Mail: bmartin@thompsoncoe.com*
    RODRIGO "DIEGO" GARCIA, JR.
    Texas State Bar No. 00793778
    *E-Mail: dgarcia@thompsoncoe.com*
    CHRISTOPER H. AVERY
    Texas State Bar No. 24069321
    *E-Mail: cavery@thompsoncoe.com*
    One Riverway, Suite 1400
    Houston, Texas 77056-1988
    (713) 403-8210 Telephone
    (713) 403-8299 Facsimile

**ATTORNEYS FOR APPELLANT
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY**

- 18 -

## CERTIFICATE OF COMPLIANCE

I certify that this Motion for Rehearing and Motion for En Banc Reconsideration contains approximately 4,357 words, not including the parts excluded by Tex. R. App. P. 9.4(i)(1). Accordingly, it complies with Rule 9.4(i)(2)(D).

/s/ Brian S. Martin
BRIAN S. MARTIN

## CERTIFICATE OF SERVICE

I certify that on November 30, 2015, an electronic copy of this brief was served on all counsel of record.

/s/ Brian S. Martin
BRIAN S. MARTIN

2315842v4
05060.795